UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:19-cv-25329-GAYLES/VALLE
(CASE NO.: 15-cr-20802-GAYLES)

DAMASO RIVERA-FONSECA,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
    _____/

## ORDER AFFIRMING AND ADOPTING REPORT OF MAGISTRATE JUDGE

**THIS CAUSE** is before the Court on Magistrate Judge Alicia O. Valle's Report and Recommendation (the "Report") [ECF No. 16]. On December 30, 2019, Movant filed a Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255, attacking the constitutionality of his federal convictions and sentences following a jury verdict in case number 15-cr-20802-GAYLES ("Motion") [ECF No. 1]. This action was referred to Magistrate Judge Lisette M. Reid pursuant to Administrative Order 2019-2 for a ruling on all pretrial, non-dispositive matters and for a Report and Recommendation on any dispositive matters. [ECF No. 2]. On October 1, 2020, the case was reassigned to Magistrate Judge Valle. [ECF No. 12]. On July 21, 2021, Judge Valle filed her Report, recommending that the Motion be denied without an evidentiary hearing, a certificate of appealability be denied, and final judgment be entered in favor of Respondent. On October 25, 2021, after being granted two extensions, Movant timely filed Objections to the Report ("Objections") [ECF No. 22].

In his Objections, Movant first attempts to assert a new ineffective assistance of appellate counsel claim based on counsel's failure to raise a *Rehaif* claim on appeal. *See* [ECF No. 22 at 1–

2]. The district court may decline to consider new claims that were not first presented to the magistrate judge, *see Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009), and in any event, Movant lacked a meritorious *Rehaif* claim for the reasons explained in the Report. Second, Movant again incorrectly asserts that the *Rehaif* error deprived the Court of jurisdiction. *See United States v. Moore*, 954 F.3d 1322, 1337 (11th Cir. 2020) (holding that *Rehaif* errors are not jurisdictional). Third, Movant reasserts his allegations of a conflict of interest, which the Report thoroughly rejected as "wholly speculative and unsupported by the evidence." *See* [ECF No. 16 at 16–18]. Fourth, Movant reasserts his argument that trial counsel was ineffective for failing to call Bridgette Newman as a witness, which the Report correctly concluded was a "sound strategic decision" and one that is virtually unchallengeable. *See id*. at 18; *Strickland v. Washington*, 466 U.S. 668, 690 (1984). Fifth, Movant contends that the Government failed to present evidence to rebut his allegation that he was unable to understand the strength of the Government's case, but it is Movant's burden to prove his claims in a § 2255 motion, not the other way around. *See Beeman v. United States*, 871 F.3d 1215, 1222 (11th Cir. 2017). And sixth, Movant argues that it is "speculative" that the Eleventh Circuit would have rejected the claim that his sentence was an abuse of discretion had appellate counsel raised it. [ECF No. 22 7–8]. The Report thoroughly explained why such a claim lacked merit. *See* [ECF No. 16 at 23–25].

      A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendation to which objection is made are accorded *de novo* review, if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). Any portions of the report and recommendation to which *no* specific objection is made are reviewed only for clear error. *Liberty Am. Ins. Grp., Inc. v.*

*WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001); *accord Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

The Court, having conducted a *de novo* review of the record, agrees with Judge Valle's well-reasoned analysis and conclusion that the Motion should be denied. Accordingly, after careful consideration, it is **ORDERED AND ADJUDGED** as follows:

(1) Judge Valle's Report [ECF No. 16] is **AFFIRMED AND ADOPTED** and incorporated into this Order by reference;

(2) Movant's Motion to Vacate pursuant to 28 U.S.C. § 2255 [ECF No. 1] is **DENIED**;

(3) No certificate of appealability shall issue;

(4) All pending motions not otherwise ruled on are **DENIED AS MOOT**; and

(5) This case is **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on this 15th day of June, 2022.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

cc: All Counsel of Record; and
Damaso Rivera-Fonseca, *pro se*